IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| GREGORY P. BARTUNEK, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | 8:18CV440 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is currently awaiting sentencing in this court in 17CR28. Petitioner has now filed his second § 2241 petition challenging the handling of that pending case.[1] I dismissed the first petition in 17CV303 and set forth the law at length. Generally, a federal prisoner cannot use § 2241 to challenge a pending federal criminal case. *See, e.g.*, *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial."). In 18CV335, I also dismissed Petitioner's § 2254 challenge to the pending federal criminal case liberally construing it alternatively to be a § 2241 challenge.

Under Rule 4 and upon initial review, I now deny and dismiss the pending petition without prejudice for the same reasons I expressed previously. There are no exceptional reasons that would justify relief.

---

[1] To the extent that Petitioner bases his challenge under 28 U.S.C. § 2255, that statute does not help him as it pertains to challenges regarding sentences imposed and convictions obtained in federal court. While the Petitioner has been found guilty, he has not yet been sentenced and therefore no final judgment has been entered.

IT IS ORDERED that the § 2241 petition (filing no. 1) is denied and dismissed without prejudice. A separate judgment will be entered. The Clerk will provide Judge Rossiter with a copy of this Memorandum and Order.

DATED this 8th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge